IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **CONN CREDIT I, LP** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 1:14-cv-00429** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TF LOANCO III, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, CONN CREDIT I, LP files this Original Complaint against Defendant TF

LOANCO III, LLC and in support thereof, respectfully shows the Court as follows:

### Parties

1.      Conn Credit I, LP, ("Conn's") is a Texas Limited Partnership which has principal place

of business in The Woodlands, Montgomery County, Texas.

2.      TF Loanco III, LLC, is a foreign corporation with its principle place of business upon

information and belief in Orlando, Florida. ("TF Loan").  TF Loan does business in the State of

Texas, and the causes of action against TF Loan relate to TF Loan's contact with Texas.  TF

Loan can be served with process by serving its registered agent: Linda McGurn, 101 SE 2nd

Place, Ste. 202, Gainesville, Florida, 32601.  TF Loan has also agreed to accept service by

certified mail to its address: "Trax Financial"; Attn: Michael Moreland; 200 S. Orange Ave,

Suite 2875; Orlando, Florida, 32801.

**Jurisdiction**

3.      This Court has diversity jurisdiction over this action under 28 U.S.C. §1332.  It is a civil

action between citizens of different states and the amount in controversy exceeds $75,000.

4.      Defendant TF Loan does business in Texas because it has entered into contracts for

business with Texas residents, and these Texas contacts form the basis of part of the causes of

action in this Complaint.  Furthermore, TF Loan unconditionally and irrevocably consented to

submit to the exclusive jurisdiction of the courts, including "United States District Court, of

Texas" by written agreement.

**Venue**

5.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events that make up the basis of this Complaint occurred within this

judicial district.

**Background Facts**

6.      Plaintiff Conn's offered for sale, through a competitive bidding process, a substantial

amount of consumer loans that had been charged-off by Conn's  ("Bulk Sale") and consumer

loans that become charged off, on a monthly basis by Conn's ("Forward Flow"), through

January, 2015 (collectively, the "Portfolio").  Conn's engaged a marketing agent to present and

manage the sale of the Portfolio.  The marketing agent engaged in substantial marketing efforts

to facilitate the sale of the Portfolio.

7.      Over 4,000 sales announcements were transmitted and over 700 phone calls made to

elicit bids from potential purchasers.  Approved potential bidders were permitted to exercise pre-

bid due diligence from April 3, 2014 to April 22, 2014.  Conn's and its marketing agent provided

substantial information regarding the Portfolio during this time.

8.      Bids were submitted to the marketing agent on or before April 22, 2014. On or around

April 24, 2014, in reliance on TF Loan's bid for the Bulk Sale and Forward Flow (including its

markup of the draft purchase agreement), Conn's entered into exclusive negotiations with Trax. .

From April 24, 2014 through and including April 30, 2014 the parties and their respective

principals negotiated  the a Purchase and Sale Agreement ("PSA")  The PSA was entered into by

TF Loan and Conn's on April 30, 2014.

9.

10.     Prior to entering into the PSA, TF Loan reviewed and evaluated to its full satisfaction, the

draft purchase and sale agreement provided as part of the bidding process.  It also reviewed and

evaluated the Accounts sold pursuant to the PSA.  TF Loan was represented by counsel and after

numerous rounds of negotiations agreed to the various terms, provisions, conditions limitations,

waivers and disclaimers in the PSA.

11.     Among the various terms in the PSA is the obligation of TF Loan to make payments upon

delivery of accounts.  Such deliveries were to occur on a quarterly basis unless Buyer provided

notice to Seller that it elected to take delivery on a monthly basis.  After the first two deliveries

("Delivery 1": and "Delivery 2", respectively) of accounts, TF Loan did not notify Conn's that it

wanted a monthly delivery of accounts.  Accordingly, Conn's was obligated to convey the

computer files for "Deliveries 3, 4, 5 and 6" (the "August Deliveries") on August 25, 2014.  The

Closing Date, as a result, for Delivery 3 is August 28, 2013.  On August 25, 2014, Conn's

complied with its scheduled delivery obligation of the August Deliveries.  TF Loan, however,

has demanded a material alteration of the funding structure in the PSA, including demanding an

approximately $2,000,000 reduction in the purchase price for the Forward Flows and issuing a

promissory note to Conn's.

12.     Starting on July 16, 2014 and continuing through August 26, 2014, through a series of oral and written communications, TF Loan has unambiguously communicated its refusal to comply with its August Delivery payment obligations.  TF Loan has declared through its agents and representatives that it will not fund the August 28, 2014 closing in respect of the August Deliveries.

13.     Failure to comply with its payment obligations is a breach of the PSA.

14.     TF Loan's failure to fulfill the terms of the PSA will cause damage to the value of the Portfolio and cause Conn's to incur substantial damages relating to the re-sale of the Portfolio. TF Loan stated refusal to pay all amounts due and owing to Conn's will cause Conn's to be damaged in an amount within the jurisdictional limits of this Court.  Faced with these damages, Conn's has found it necessary to bring this lawsuit.

## Cause of Action – Breach of Contract

15.     Conn's incorporates all previous paragraphs of this Complaint as if fully set forth herein. The PSA constitutes a valid, enforceable contract between Conn's and TF Loan.  TF Loan has clearly announced that it will breach the PSA by announcing orally and in writing to Conn's that it will not close on, or fund, the August Deliveries or other deliveries as required by the PSA. TF Loan's anticipated breach of contract will proximately cause Conn's to be damaged in an amount within the jurisdictional limits of this Court, for which it hereby sues.

16.     All conditions precedent to Plaintiff's right of recovery under this cause of action have been performed or have occurred.  Alternatively, Conn's duty to perform all conditions precedent to TF Loan's liability was waived and excused by TF Loan's declared intent to only perform its obligations if the PSA is materially altered.

## Cause of Action – Attorneys' Fees

17.     Conn's incorporates all previous paragraphs of this Complaint as if fully set forth herein. As a result of TF Loan's respective breaches of contract, Conn's has found it necessary to retain the undersigned counsel to prosecute this case, and has agreed to pay all reasonable and necessary attorneys' fees and costs, for which it also sues.

18.     Therefore, Conn's is entitled to recover reasonable attorneys' fees and costs from and against TF Loan as provided by the written PSA and by TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, plus an additional reasonable attorneys' fees should there be an appeal from judgment rendered by this Court.

19.     All conditions precedent to bringing this action have been fulfilled, waived or excused.

## Prayer

20.     **WHEREFORE,** Plaintiff Conn Credit I, LP respectfully requests that TF Loan be ordered to pay Conn Credit I, LP:

   a.   Actual damages, including special damages of lost profits, and/or diminution in value of its business accounts;

   b.   Attorneys fees;

   c.   Costs of Court;

   d.   Prejudgment and postjudgment interest; and

   e.   Such additional relief, general or special, at law or equity, to which Conn Credit I, LP may be justly entitled.

Dated:  August 27, 2014                    Respectfully submitted,


                                           /s/ *J. Thad Heartfield*
                                           J. Thad Heartfield
                                           Texas State Bar No. 09346800
                                           E-mail: thad@heartfieldlawfirm.com
                                           M. Dru Montgomery
                                           Texas State Bar No. 24010800
                                           E-mail: dru@heartfieldlawfirm.com
                                           THE HEARTFIELD LAW FIRM
                                           2195 Dowlen Road
                                           Beaumont, Texas 77706
                                           (409) 866-3318 (Telephone)
                                           (409) 866-5789 (Facsimile)

                                           **COUNSEL FOR PLAINTIFF**