# EXHIBIT 13

55959.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CONN CREDIT I, LP** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. <u>1:14-cv-00429</u>** |
| **v.** | § | |
| | § | |
| **TF LOANCO III, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**CONN CREDIT, I, LP'S FIRST AMENDED AND  SUPPLEMENTAL
ANSWERS AND OBJECTIONS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**</u>

TO: Defendant, TFLoanCo III, LLC, by and through its attorneys of record, J. Cary Gray/Michael A. Ackal, III/Preston K. Kamin, Gray Reed & McGraw, PC, 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056.

  COMES NOW Conn Credit I, LP ("Conn's"), Plaintiff in the above-entitled and number cause, and, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits its First amended and supplemental answers and objections to Defendant TF LoanCo III, LLC's ("Defendant") First Set of Interrogatories to Plaintiff.

## SPECIFIC OBJECTIONS AND ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

1.      Identify each and every person by name, phone number and address that has knowledge of Conn's sale of the Accounts to TFLoanCo, including but not limited to, Robin Ishmael, Andrew Carlson, Louis Dipalma, Mike Poppe, Robert Bell, Clint Walton, David Dubois, JP Hogan, Jesse Camacho, Regina Harmon, Charlotte Foutz, Desiree Pete, Sharlene Rhone, Yolanda Veazie, Nancy Schmidt, and John Rutledge.

**ANSWER:**

**Conn's objects to this interrogatory because it is vague as to scope of term "knowledge" insofar as it is not appropriately limited in scope to lead to the discovery of admissible evidence.  Further, it is duplicative of Conn's responses to this Court's disclosure requirements.  Conn's has disclosed those witnesses its representatives believe possess relevant knowledge.   To the extent this interrogatory exceeds Conn's disclosure requirements, it is overly broad.**

2.      Identify the purchaser and the amount paid for Deliveries 4, 5, 6, 7, 8, 9, 10, 11, and 12.

**ANSWER:**

**Conn's objects to this interrogatory because argumentatively structured to the extent an answer would be construed as an admission that the specific Deliveries TF LoanCo contracted to purchase were specifically purchased by another purchaser.   Thus, the phrase "purchaser" and "amount paid" is confusing and vague since it is subject to multiple interpretations.**

**Subject to and without waiver of the foregoing objections,**

**Conn's has sued for breach of TF LoanCo's failure to complete its purchase agreement and TF Loanco specifically refused to purchase Deliveries 4-12 as phrased above. To the extent Conn's was able to subsequently sell all or a portion of the accounts that would have been considered for Deliveries 4-12, please refer to the attached closing statements for sales to Sherman Originator III LLC Bates number CONN_trx 0163053-0163054.  Defendant does not inquire as to the accounts that would have formed Delivery No. 3, but that information is included in the attached statements.**

**FIRST SUPPLEMENTAL ANSWER:**

**Conn's inadvertently attached the incorrect document numbered CONN_trx 0163053.  The corrected version is hereby attached.**

3.     Identify each alleged act and/or omission that forms the basis of your allegation that TFLoanCo breached the PSA.


**ANSWER:**

**Conn's objects to this interrogatory because it is duplicative of Conn's pleadings and would require an unduly burdensome summary of numerous nuanced actions that are not necessarily readily summarized.  As such, this interrogatory represents an impermissible attempt to limit Conn's presentation of evidence at trial since it will disclose such information through numerous documents and witness testimony.**

**Subject to and without waiver of the foregoing objections,**

**a.     Trax failed to purchase the Accounts as agreed.**
**b.     Trax represented it was a sophisticated investor**
**c.     Trax failed to use its "knowledge and experience in financial and business matters" to evaluate the merits and risks of purchasing the accounts.**
**d.     Trax failed to do a proper independent evaluation of information deemed relevant to Trax**
**e.     Trax breached various representations it made in Section 7.1 of the PSA, by way of non-exclusive example, it failed to properly exercise due diligence as a sophisticated investor evaluating the "collectability and value" of the Accounts.**
**f.     Trax agreed to purchase the Accounts and receive only the specified Account Documents (Retail sales contract, invoice, and payment history) which did not include the documents Trax now demands.**
**g.     Trax agreed that "the acquisition of these Accounts involve a high degree of risk and are suitable only for persons or entities of substantial financial means who have no need for liquidity and who can hold the Account indefinitely or bear the partial or entire loss of the value" and no longer agrees to abide by that.**
**h.     Despite acknowledging that it purchased the accounts  on a "AS IS, WHERE IS" basis, Trax failed to perform its obligations based on claims regarding "the nature, accuracy, completeness or collectability" of the Accounts.**


4.     State each reason why the account/collection notes for the Accounts were not provided to TFLoanCo.

**ANSWER:**

**Conn's objects to this interrogatory because it is better suited to deposition, without waiving right to further detail allegations.**

**Subject to and without waiver of the foregoing objection and without waiving the right to provide further detail through other forms of discovery,**

**Conn's provided account documents required pursuant to Exhibit E of the PSA as agreed to by the parties.**

5.      Identify each Account sold to TFLoanCo by customer name and account number that contained an RSA that was cancelled at the time of charge off but still had unused/unearned warranty time remaining.

**ANSWER:**

**Please see responses provided on September 30, 2015 and October 6, 2015.  The documents were provided under protection of the Federal Rule of Evidence 408 and referral to such documents in no way waives application of such privileges.  The documents were provided in native format and cover pages will be designated CONN_trx 0163055 (September 30, 2105 .xls document) and CONN_trx 0163056 (October 6, 2015 .xls document).**

**FIRST AMENDED ANSWER:**

**Please see responses provided on September 30, 2015 and October 6, 2015.  The documents were provided in native format and cover pages will be designated CONN_trx 0163055 (September 30, 2105 .xls document) and CONN_trx 0163056 (October 6, 2015 .xls document).**

**Please also see responses provided on February 22, 2016.  The documents were provided in native format and cover pages were designated CONN_trx 0163057 and CONN_trx 0163058.**

6.      Set forth each reason why Conn believes it does not have to repurchase the Accounts identified in response to interrogatory number 6.

**ANSWER:**

**Conn's objects to this interrogatory because it is duplicative of Conn's pleadings and would require an unduly burdensome summary of numerous nuanced actions that are not necessarily readily summarized.  As such, this interrogatory represents an impermissible attempt to limit Conn's presentation of evidence at trial since it will disclose such information through numerous documents and witness testimony.**

**Subject to and without waiver of the foregoing objections,**

**Defendant has never properly requested reconciliation of any Account Balance.  By way of non-exclusive example,  Section 2.7 of the PSA permits reconciliation of any payments have been made by or on behalf of an Obligor and received by Seller on or prior to the applicable Cutoff Date that are not reflected in the related Account Balance.  Section 2.7 provides a procedure that permits reconciliation of any unused/unearned warranty charges that may not have been reflected on the account information.**

7.      For each Account that had RSAs cancelled, provide a description of the accounting entries that were made to such account to reflect the cancellation of the RSA.

**ANSWER:**

**Conn's objects to this interrogatory because it is vague as to to the scope and application of the term "accounting entries."  This topic is complex and would require an unduly burdensome summary of numerous nuanced actions that are not necessarily readily summarized.  As such, this interrogatory represents an impermissible attempt to limit Conn's presentation of evidence at trial since it will disclose such information through numerous documents and witness testimony.**

**Otherwise, please refer fully to the objections and answers to Interrogatory No. 5.**

8.      Set forth each reason why Conn contends that the Accounts containing RSA that were cancelled at the time of charge off but still had unused/unearned time remaining were serviced and collected in accordance with applicable debt collection laws.

**ANSWER:**

**Conn's objects to this interrogatory because it is nonsensical as structured.  The apparent subjects of this interrogatory touch on numerous complex topics involving numerous entities performing or failing to perform discrete, complex acts.  It is better suited being posed at deposition with appropriate support and context for a representative to explain or otherwise place into context.**

**Subject to and without waiver of the foregoing objections**

**As Conn's understands this, Conn's did not continue to service and collect Accounts.  With regards to any of Trax's efforts, Conn's has not spoken with or otherwise been informed that Trax initiated any efforts that violated debt collection laws.  To the extent Trax or its authorized representatives knowingly or intentionally attempted to service and collect debts with accounts that would reflect RSA that "were cancelled at the time of charge off but still had unused/unearned time remaining," Trax would be in a better position to answer this interrogatory.  Otherwise, Conn's does not currently possess knowledge that Trax violated or has been accused of violating applicable debt collection laws.**

9.      Set forth each reason why Conn continued to collect on the Accounts, but failed to remit the money it collected to TFLoanCo.

**ANSWER:**

**Conn's is not currently aware that it continued to collect on the Accounts and failed to remit money it collected to TF LoanCo.**

10.     Identify each alleged act and/or omission that forms the basis of any defense you assert to why Conn is not required to repurchase the Accounts containing RSAs that were not rebated/refunded when the Accounts were charged off.

**ANSWER:**

**Conn's objects to this interrogatory because it is duplicative of Conn's pleadings and would require an unduly burdensome summary of numerous nuanced actions that are not necessarily readily summarized.  As such, this interrogatory represents an impermissible attempt to limit Conn's presentation of evidence at trial since it will disclose such information through numerous documents and witness testimony.**

**Subject to and without waiver of the foregoing objections,**

**Conn's denies that it breached the PSA.  Repurchase is not required.  TF LoanCo has not presented a valid claim for repurchase of affected Accounts as required by the PSA.  Furthermore, by way of non-exclusive example, Section 2.7 of the PSA permits reconciliation of any payments that have been made by or on behalf of an Obligor and received by Seller on or prior to the applicable Cutoff Date that are not reflected in the related Account Balance.  Section 2.7 provides a procedure that permits reconciliation of any unused/unearned warranty charges that may not have been reflected on the account information.**

11.     Identify each alleged act and/or omission that forms the basis of any defense you assert to why Conn is not responsible for the damages sustained by TFLoanCo.

**ANSWER:**

**Conn's objects to this global request that is not appropriately limited in scope or subject.  Conn's has produced Initial and Supplemental Disclosures responsive to such requests.  Further, Conn's objects to this interrogatory because it is duplicative of Conn's pleadings and would require an unduly burdensome summary of numerous nuanced actions that are not necessarily readily summarized.   As such, this interrogatory represents an impermissible attempt to limit Conn's presentation of evidence at trial since it will disclose such information through numerous documents and witness testimony.**

**Subject to and without waiver of the foregoing objections,**

**Conn's denies TF LoanCo suffered any damages.  TF LoanCo failed to present a focused, materially accurate request identifying appropriate accounts subject to repurchase under the PSA.  Further, TF LoanCo failed to follow various procedures requesting repurchase of any Accounts under the PSA.  Otherwise, please refer to answer to Interrogatory No. 3.  TF LoanCo's material breach of the PSA excuses Conn's from further performance under the agreement.**

12.     Identify each Account that Conn services after the Accounts were sold to TFLoanCo.

**ANSWER:**

**Conn's objects to this interrogatory because is vague and confusing.  TF LoanCo refused delivery of tens of thousands of Accounts and the time frame of this interrogatory fails to specify other acts such as termination of the PSA by TF LoanCo and the initiation of litigation.**

**Subject to and without waiver of the foregoing objections,**

**As Conn's understands this interrogatory, Conn's did not continue to service and collect Accounts.  To the extent any incidental or passive collections occurred, such as occasional voluntary payments, such funds were transmitted to TF LoanCo.**

13.    Set forth each reason Conn failed to provide all contracts and supporting Account documents – for approximately 12,000 Accounts – to TFLoanCo.

**ANSWER:**

**Conn's believes it delivered sufficient information to permit collection for over 53,000 Accounts.  Conn's cannot answer this interrogatory unless TF LoanCo specifies the Accounts at issue.  To the extent any such information was not delivered, the PSA and industry practice provides for cooperative reconciliation of the information exchange.  TF LoanCo or its representatives failed to timely and appropriately identify any Accounts that lacked "contracts and supporting Account documents."**

**FIRST SUPPLEMENTAL ANSWER:**

**Please also refer to Section 3.2 of the PSA.**

14.    State the methodology Conn used to determine whether or not certain Accounts (i.e., settled accounts, bankrupt accounts, deceased debtor accounts, and fraud accounts) should be repurchased purchased pursuant to Article IV of the PSA as reflected in the spreadsheet Conn generated and sent to TFLoanCo on or about December 9, 2014.

**ANSWER:**

**Conn's objects to this interrogatory because it is nonsensical as structured.  The apparent subjects of this interrogatory touch on numerous complex topics involving numerous entities performing or failing to perform discrete, complex acts.  It is better suited being posed at deposition with appropriate support and context for a representative to explain or otherwise place into context.  Further, Conn's would object to TF LoanCo's attempt to turn any communication made during a mediation or settlement discussion into discoverable interrogatory testimony.  Any such statement is protected from disclosure.**

**Subject to and without waiver of the foregoing objections,**

**Conn's utilized the methodology outlined in Section 6 of the PSA to identify accounts.**

15.    Identify each Account Conn serviced after the applicable Cutoff Date.

**ANSWER:**

**As Conn's understands this, Conn's did not continue to service and collect Accounts.**

16.    Set forth each reason why Conn continued to service the Accounts identified in response to interrogatory No. 15.

**ANSWER:**

**As Conn's understands this, Conn's did not continue to service and collect Accounts.**

Respectfully submitted,


_____/s/ *M. Dru Montgomery*_____
J. Thad Heartfield
Texas State Bar No. 09346800
E-mail: thad@heartfieldlawfirm.com
M. Dru Montgomery
Texas State Bar No. 24010800
E-mail: dru@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
(409) 866-3318 (Telephone)
(409) 866-5789 (Facsimile)

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2016, a true and correct copy of the foregoing First Amended and Supplemental Objections and Answers to Defendant's First Set of Interrogatories was duly served upon the following counsel of record:

J. Cary Gray
Michael A. Ackal, III
Preston K. Kamin
Gray Reed & McGraw, PC
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
**VIA E-MAIL: cgray@grayreed.com; mackal@grayreed.com; pkamin@grayreed.com**

_/s/ M. Dru Montgomery_
M. DRU MONTGOMERY

## VERIFICATION

THE STATE OF TEXAS                §
                                  §
COUNTY OF MONTGOMERY              §

BEFORE ME, the undersigned authority, personally appeared CLINTON R. WALTON, who,

being by me duly sworn, upon his oath, deposed as follows:

"My name is CLINTON R. WALTON, I am over twenty-one (21) years of age, of
sound mind, and fully competent to make this Oath.  The statements made therein
are true and correct to the best of my knowledge in my capacity as an employee of
Conn Appliances, Inc.:

I am a Senior Manager – Compliance, Credit & Collection for Conn Appliances,
Inc.   I have read the foregoing Objections and Answer's to Defendant's
Interrogatories. The statements made therein are true and correct to the best of my
knowledge."

FURTHER, THE AFFIANT SAYETH NOT.

_____
CLINTON R. WALTON

SWORN TO AND SUBSCRIBED BEFORE ME, this the 17 day of March, 2016 to

certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

STACY LYN MICHALSKI
Notary Public, State of Texas
My Commission Expires
March 20, 2017